UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DONALD R. SANDERS,

                Plaintiff,

                                **SUMMARY ORDER**
     v.                           13-CV-2800 (PKC)

DELTA AIR LINES, INC.,

                Defendant.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

    Pending before the Court is the motion of Defendant Delta Airlines, Inc., ("Delta") to transfer this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). Plaintiff Mr. Sanders has not submitted a response to the motion and it is deemed unopposed.

*BACKGROUND*

    Mr. Sanders, proceeding pro se, filed suit in the Supreme Court of the State of New York, Queens County, on March 7, 2013. (Dkt. 1 at ECF 4.) Delta removed the action to this Court based on diversity jurisdiction on May 10, 2013. (Dkt. 1.) Mr. Sanders's suit alleges that Delta discriminated against him on the basis of his race when it barred him from flying on one of its planes with his dog. Mr. Sanders seeks $1 billion in damages. (Dkt. 1 at 5.)

*DISCUSSION*

    Motions to transfer lie within the broad discretion of the district court. *See Linzer v. EMI Blackwood Music Inc.*, 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). Section 1404(a) provides that "for the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Generally, a court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

The first inquiry, then, is whether the action "might have been brought" in the district to which Delta seeks to transfer this action, the District of Arizona. It could have. Title 28 U.S.C. Section 1391(b)(2) provides that "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" It is undisputed that the events that gave rise to this action occurred at the Tucson International Airport in Tucson, Arizona. (*See, e.g.*, Dkt. 21-2 ¶ 2; Dkt. 21-3 ¶ 2.) Therefore, this action could have been brought in the District of Arizona.

Next, the Court must balance the convenience factors to determine whether transfer would be in the "best interests of the litigation" by promoting convenience of the parties and witnesses. *Linzer*, 904 F. Supp. at 216. Those factors are: (1) the convenience of the parties, including party witnesses; (2) the convenience of non-party witnesses; (3) the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the presence of unwilling witnesses; (6) the relative means of the parties; (7) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See, e.g.*, *Jetblue Airways Corp. v. Helferich Patent Licensing, L.L.C.*, 12-CV-5847(JBW), 2013 WL 713929 (E.D.N.Y. Feb. 28, 2013).

The Court has considered and weighed all of the above factors and concludes that the District of Arizona is the more proper forum for litigating this action. Most relevantly under these circumstances, the events that are the subject of this litigation occurred in Tucson, which is where it appears all of the relevant evidence and witnesses, except for Mr. Sanders, are located.

In addition to the balancing of the factors set forth above, the Court finds that transfer is appropriate based on two considerations. First, Mr. Sanders has not opposed the motion. The Court is aware that Mr. Sanders is a homeless man residing at or near a storage facility located near LaGuardia International Airport in Queens, New York. However, Mr. Sanders has demonstrated his ability to submit motions and letters to the Court and otherwise participate in this litigation, including by appearing at an in-person conference before Judge Gold in this matter on August 23, 2013. (*See* Dkt. 14.) In light of Mr. Sanders's lack of response here, the Court has cause to believe that Mr. Sanders's non-opposition to the motion is intentional and not due to his pro se status or an inability to oppose the motion. Secondly, Sanders himself twice has moved to transfer this action to a court located at The Hague, in the Netherlands. (*See* Dkts. 11, 18.) Mr. Sanders's reasons for seeking transfer to The Hague were that he did not believe he could get a fair trial in this district. (*See* Dkt. 11 at 1.) The Court denied both motions. Although the seriousness of those transfer requests may be questioned, they nonetheless indicate Mr. Sanders's apparent preference not to litigate this matter in this district, and indeed his seeming willingness to litigate in a foreign jurisdiction more than 3,000 miles away. As a result, Mr. Sanders's initial choice of forum, which otherwise would be afforded significant weight in the Section 1404(a) analysis, is not a compelling factor. Again, this finding is buttressed by the fact that Mr. Sanders does not oppose transfer. Were this district Mr. Sanders's preference, he could have opposed the motion.

*CONCLUSION*

Accordingly, for the reasons set forth above, the Court orders that this action be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court respectfully is directed to transfer this action to the District of Arizona.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 23, 2013
       Brooklyn, New York