WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DONALD R. SANDERS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC.,<br><br>　　　　　　　Defendant. | No. CIV 13-1440-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Judgment on the Pleadings. (Doc. 33.) Plaintiff has not filed a response.

*Factual and Procedural Background*[1]

Plaintiff Donald Sanders (Sanders) purchased a ticket from Delta Air Lines, Inc. (hereinafter "Delta") to fly to Egypt on or about March 20, 2012. (Doc. 21-2 at 1.) Ostensibly, this trip did not take place, and Defendant, Delta, eventually refunded the cost of the ticket to Sanders. (Doc. 29 at 1.) On January 23, 2013, Plaintiff filed a *pro se* Complaint in the Supreme Court of the State of New York alleging that Delta "denied him and his [dog the right] to fly." (Complaint, ¶3)

---

[1] When evaluating a motion for judgment on the pleadings, the court construes the facts in the light most favorable to the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Unless otherwise noted, the facts come from the Plaintiff's Complaint. However, due to the scantiness of facts in the Complaint, additional factual and procedural background has been supplemented through other documents filed with the Court.

Delta removed the case to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § § 1441 and 1332. (Doc. 1.) On October 23, 2013, Delta's Motion to Change Venue to the District of Arizona, pursuant to 28 U.S.C. § 1404(a), was granted. (Docs. 20 and 23.)

On January 27, 2014, Delta filed a Motion for Judgment on the Pleadings. Sanders has not filed a response.[2]

*Judgment on the Pleadings Standard*

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Ninth Circuit has said "that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). Therefore, dismissal by granting a motion for judgment on the pleadings is only appropriate if the complaint's factual allegations, together with all reasonable inferences, fail to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (establishing the pleading standard for Rule 12(b)(6) motions). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

---

[2] Failure to respond to defendant's motions provides the Court with the discretion to grant the motion on independent grounds. LRCiv 7.2(i) (stating that if the required answering memorandum is not filed, it may be deemed as consent to the granting of the motion and the Court may dispose of the motion summarily); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 609 (9th Cir. 2008) (affirming the district court's dismissal pursuant to Arizona Local Rule 7.2(i)); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming the district court's dismissal of a *pro se* plaintiff's Complaint pursuant to a local Nevada rule that stated "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion"). Prior to granting the motion on the basis of the local rule, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53.

*Twombly*, 550 U.S. 544, 545 (2007). If there remains "no genuine dispute as to any material fact the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

When evaluating a defendant's Rule 12(c) motion, the allegations in the complaint must be construed in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). However, a formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679.

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

*Defendant's Motion for Judgment on the Pleadings*

In the present case, Plaintiff's four page Complaint provides a fragmented, loosely related backstory of the Plaintiff's life and struggles, including unspecific allegations of racial and religious discrimination by the "Obama Administration," the "State Department," and other persons not parties to this case. (Complaint, ¶7-17.) For example, Plaintiff states that he was a "peacemaker" in northern Uganda and was told, by an undisclosed party, he would not receive some form of monthly payments unless he returned to America. (*Id.* at ¶11-12.) It appears Plaintiff alleges he became ill upon his return to America and was denied medical treatment at a Veterans Administration Hospital "because [he] is a prophet and a man of God." (*Id.* at ¶7.) Plaintiff's only statement in the Complaint that can be construed as remotely or causally related to Delta is that he, along with his canine companion, was sometime thereafter denied permission

to board an unspecified flight to return to "Africa for religious healing." (*Id*. at ¶3-4) However, Plaintiff fails to provide any further specifics to this claim, which leaves the Court in the dark as to basic facts such as a date, time, location, or reason for Delta's decision - beyond a veiled allegation that the State Department is aware he is a black male.

The only claim within the realm of plausibility that Plaintiff *could* be alleging against Delta is a racial discrimination claim under 42 U.S.C. § 1981(b) for breach of the airline ticket contract. Yet, in order for a claim under § 1981 to survive judgment on the pleadings, a plaintiff must allege "that: (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000). Here, the Plaintiff failed to allege the "critical" second element, *see id.*, that Delta did not allow him to board a plane, thereby breaching their contract with Plaintiff, based on racial animus. Therefore, this claim could not survive a motion for judgment on the pleadings.

The Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds*, in attempting to decipher a complaint or read in claims that do not exist. Moreover, failure to set forth claims in a discernible manner places the onus on the Court to decipher which, if any, facts support a claim, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Even construed liberally, Plaintiff fails to articulate a claim upon which relief can be granted.

However, the Court finds that Plaintiff *may* be able to state a valid claim upon careful redrafting of his Complaint. Therefore, the Court is dismissing the action with leave to amend in order to provide Plaintiff with the ability to file an amended complaint if he so pleases. *Bank*, 928 F.2d at 1112. Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original

complaint by reference. Any amended complaint submitted by Plaintiff shall be clearly designated as an amended complaint on the face of the document.

Plaintiff should take notice that failure to timely comply with every provision of this Order, may result in this action being dismissed pursuant to Rule 41(b), Fed.R.Civ.P. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

*Defendant's May 28, 2014 Correspondence* (Doc. 35)

Finally, defense counsel has notified the Court in a filing that Sanders has been vociferously communicating the imminency of extreme acts of violence he will perform on defense counsel; threats ranging from personal decapitation at Plaintiff's own hands to even more radical terroristic threats against the United States as a whole. (Doc. 35.) Plaintiff has not filed a response. This egregious and abusive behavior is completely unacceptable and is in violation of a myriad of ethical rules of conduct. Although a *pro se* litigant may be entitled to great leeway by the Court when construing their filings, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), it does not excuse him from following basic rules of ethics and civility. *See Nelson v. Eaves*, 140 F. Supp. 2d 319, 322 (S.D.N.Y. 2001) (dismissing *pro se* litigant's complaint with prejudice after he wrote threatening letter to opposing counsel); *see also Cameron v. Lambert*, WL 4823596 (S.D.N.Y. Nov. 7, 2008) (granting a sanction of dismissal for *pro se* plaintiff's use of abusive and threatening language). The Court orders Plaintiff to act in a civil manner at all times with regards to the proceedings moving forward.

Failure to comply with this Court Order may result in civil contempt sanctions. A party commits civil contempt by disobeying "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted). The purpose of civil contempt sanctions is to incentive the contemnor to comply with the court's orders.

*Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992). Sanctions can include fines or imprisonment.

Furthermore, the Court may impose sanctions on a party for failing to obey a scheduling *or other pretrial order* pursuant to Fed.R.Civ.P. 16(f). Local Rule 83.1(f)(1)(A) also provides that the court may, "upon its own initiative" impose appropriate sanctions upon a party who, "without just cause" violates or fails to conform to the Federal Rules of Civil Procedure or any order of the court. This rule permits the Court to order a sanction that is just under the circumstances, which may include the imposition of a fine, or an order imposing costs and attorney fees. "District courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (citing *Miranda v. Southern Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir.1983), and the Court will not hesitate to use any means it finds appropriate to compel the parties to comply with this Order.

Harassing, coercive, argumentative, threatening, or similar statements to opposing counsel will not be permitted. *See e.g., Alvarado Morales v. Digital Equipment Corporation*, 669 F.Supp. 1173, 1187 (D.Puerto Rico 1987) ("The federal courts do not provide a forum for mudslinging, name calling and 'privileged' defamation."); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664–65 (7th Cir.1992) (scandalous portion of pleading may be stricken); *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone); *Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F.Supp.2d 473 (S.D.N.Y. 2003) (calling defendants unscrupulous and con artists was nothing more than name-calling and did not add to substantive claims). If Plaintiff does not proceed with civility in this case, the Court will impose appropriate sanctions, including, if necessary, dismissal of Plaintiff's Complaint.

*Plaintiff's Address of Record*

On January 17, 2014, Court ordered Plaintiff Donald R. Sanders to provide the Court with his current address (i.e., file a Notice of Change of Address, *see* LRCiv 83.3(d)) by no later than January 21, 2014. *See* Doc. 30. As of this date, Plaintiff has not complied with the Court's order.

The Court will order Plaintiff to show cause why he should not be held in contempt or be subject to other sanction for failing to comply with the Order of the Court. The Court, alternatively, will set a deadline for Plaintiff to comply with the Order of the Court.

Accordingly, IT IS ORDERED:

1. Delta's Motion for Judgment on the Pleadings (Doc. 33) is GRANTED without prejudice so that Plaintiff may have a chance to amend his Complaint and state a claim on which relief may be granted.

2. Plaintiff SHALL HAVE thirty (30) days from the date of filing of this Order to file an amended complaint. Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any amended complaint submitted by Plaintiff shall be clearly designated as an amended complaint on the face of the document.

3. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4; *see also* ECF Administrative Policies and Procedures Manual § II.D.3. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff.**

4. Plaintiff shall not threaten defense counsel and shall not use harassing or abusive language in communicating with defense counsel or the Court. Furthermore, Plaintiff shall treat defense counsel and the Court with civility.

5. Plaintiff is hereby **ORDERED TO SHOW CAUSE** why he should not be held in contempt or Court or be otherwise sanctioned for his failure to comply with the Court's January 17, 2014, Order by filing a writing with this Court **within thirty (30) days of the date of this Order.** Alternatively, Plaintiff shall file a Notice of Change of Address **within thirty (30) days of the date of this Order.**

6. At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any future change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Plaintiff shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

Dated this 20th day of June, 2014.

_____
Cindy K. Jorgenson
United States District Judge

- 8 -